UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1, DAVID MIRANDA,

    Defendant.

Case No. 19-mj-30112-Duty-1

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE'S PRETRIAL RELEASE ORDER**

**I. INTRODUCTION**

On March 8, 2019, the United States Government filed a Criminal Complaint against David Miranda and three Co-Defendants, alleging a Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. Dkt. No. 1. Miranda appeared before Magistrate Judge Anthony P. Patti on March 14, 2019 for a bond hearing, where the Magistrate found that conditions existed which could reasonably assure both Miranda's appearance at future court proceedings and the safety of the community. Accordingly, Magistrate Judge Patti denied the Government's request to detain Miranda pending trial.

The Government now appeals Magistrate Judge Patti's Order. A hearing on the Government's appeal was held on March 18, 2019. For the reasons stated on the record, and set forth below, the Court will AFFIRM the Pretrial Release Order.

## II. BACKGROUND

On March 7, 2019, Miranda and two of his Co-Defendants traveled to a local Coney Island restaurant, where they expected to meet with a large-scale cocaine supplier. Miranda and one of his Co-Defendants kept watch in the parking lot, while the third Co-Defendant met with the supplier inside of the restaurant. The parties allegedly reached a deal for the sale and purchase of 100 kilograms of cocaine at a price of $2.4 million and agreed to meet at a Holiday Inn hotel to conduct the transaction. The supplier, however, happened to be an undercover officer.

Miranda and his three Co-Defendants met the undercover officer at the Holiday Inn later that day. One of Miranda's Co-Defendants gave the undercover officer a duffel bag with $300,000 and the officer provided the Co-Defendant with 30 kilograms of fake cocaine. Soon after, law enforcement apprehended Miranda and his Co-Defendants. According to the Government, Miranda is part of a drug trafficking operation that spans across several states and has international ties.

At Miranda's bond hearing, Magistrate Judge Patti made several findings that ultimately led to the decision to release Miranda pending trial. First, Magistrate Judge Patti found that Miranda's charged crime was serious in nature, thereby

weighing against pretrial release. Second, while Miranda had a criminal history, Magistrate Judge Patti noted that the previous times he had been let out on release, he had no violations, and he had "a good history" of appearing for court proceedings. This weighed in favor of release. Third, Magistrate Judge Patti determined that Miranda had strong family ties, based in part on the fact that he had a number of people present at the bond hearing supporting him. Fourth, Magistrate Judge Patti emphasized that many of Miranda's past crimes were quite old. These crimes included a 1985 felony conviction for arson and receiving stolen property and a 1992 federal conviction for conspiracy to distribute and possess with the intent to distribute cocaine. Finally, Magistrate Judge Patti stressed that there were no guns or drugs confiscated from Miranda's home following his arrest on the instant charge, and that in light of these findings, there were release conditions available that could assure both the safety of the community and Miranda's appearance at future court proceedings.[1]

Magistrate Judge Patti ordered Miranda released on an unsecured bond and imposed several conditions. One notable condition confined Miranda to his home, except for medical necessities and court appearances. Another condition required Miranda to forfeit his passport and his enhanced Michigan Driver's license.

---

[1] Pretrial Services also recommended releasing Miranda on bond.

# III. LEGAL STANDARD

Title 18 U.S.C. § 3145(a) allows district courts to review a magistrate judge's pre-trial release order. 18 U.S.C. § 3145(a). This is a *de novo* review. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013). The default position is that a defendant should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "The default is modified, however, for certain, particularly dangerous defendants." *Id.* "Specifically, when a judicial officer finds that there is probable cause to believe that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention." *Id.*

A defendant satisfies his burden of rebutting the presumption favoring detention "when he 'com[es] forward with evidence that he does not pose a danger to the community or a risk of flight.'" *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Importantly, this is not a heavy burden. *Id.* But even when a defendant satisfies his burden of production, the presumption does not disappear entirely; rather, it remains a factor to be considered among those weighed by the district court. *Id.*

Other factors the Court must consider include, (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by

the defendant's release. *Id.* at 946 (citing 18 U.S.C. § 3142(g)). Ultimately, pretrial detention should only be ordered if the judicial officer finds that no condition or combination of conditions of release could assure both (1) the defendant's presence at future proceedings and (2) the safety of the community. *See* 18 U.S.C. § 3142(g).

### IV. DISCUSSION

As an initial matter, the Court finds probable cause to believe that Miranda committed the charged crime. Miranda does not dispute that his charge falls within the crimes listed in § 3142(e)(3), thereby creating a rebuttable presumption favoring detention. Nevertheless, the Court finds that Miranda has presented sufficient evidence to rebut this presumption. Specifically, Miranda has shown that he has strong family support -- indicated by their willingness to pledge their homes as collateral -- and a clean track record of complying with court-ordered release conditions. In addition, the Court notes that officers did not find any drugs or firearms in Miranda's home following his arrest. The Court also considers the fact that Pretrial Services recommended releasing Miranda on bond. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 882 n.3 (W.D. Tenn. 2013) ("The Court considers the pretrial services report as 'evidence' in analyzing whether the defendant has met his burden of production in rebutting statutory presumption in favor of detention.").

While these findings do not end the inquiry, the Court finds that they do rebut the presumption favoring detention. *See Stone*, 608 F.3d at 945 (holding defendant's

burden of production is not heavy). Accordingly, the Court will now turn to the four statutory factors listed in § 3142(g).

### A. Nature and Characteristics of the Charged Offense

Miranda is one of four Defendants in this matter charged with violating 21 U.S.C. §§ 841(a)(1), 846. It is alleged that Miranda is part of a multi-state and international drug trafficking operation. The Government represents that Miranda, in particular, faces a mandatory minimum of 15 years' imprisonment. Considering these claims, the Court finds that the nature and characteristics of Miranda's alleged offense are in fact serious. This first factor will thus weigh in favor of detention.

### B. Weight of the Evidence

The second factor the Court must consider is the weight of the evidence against the Defendant. 18 U.S.C. § 3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of defendant's guilt." *Stone*, 608 F.3d at 948.

Here, the Government argues that this factor weighs in favor of detention because Miranda was allegedly involved in a high-end, multi-million-dollar cocaine trafficking operation. While the Court agrees that involvement in drug trafficking is evidence of danger, the Court notes that with Miranda, in particular, there were no drugs or firearms found in his home. In addition, he has no history of criminal convictions involving assaultive behavior. Moreover, Pretrial Services believes that

there are conditions that can be imposed to mitigate any concerns about Miranda's potential danger to the community. Accordingly, the Court finds that this factor weighs in favor of release.

**C. History and Characteristics of the Defendant**

The third factor requires that the Court review the history and characteristics of the Defendant, which are statutorily separated into two categories. The first category examines the Defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). The second category asks "whether, at the time of the current offense or arrest, [Defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

With respect to the first statutory category, the Government makes several arguments in support of its recommendation for pretrial detention. First, the Government maintains that Miranda is an experienced drug trafficker, presumably referring to his 1992 federal conviction. Second, the Government concedes that Miranda has significant ties to the community, but argues that these ties, meaning his family members, have assisted and aided him in his criminal behavior. Finally,

the Government contends that Miranda is unemployed,[2] and has the resources to flee the Country. The Court, however, will disagree with the Government's characterization of this evidence.

While Miranda does indeed have a 1992 conviction for drug trafficking, the Court will note that this conviction, as well as many of his other convictions, are quite old. Even more, there is no record of Miranda violating any condition of release, probation, or parole associated with this crime, or any other crime in his past. In regard to Miranda's ties to the community, the Court finds favorable the support Miranda received not only at his bond hearing, but through his family's offering of their homes as collateral for his compliance with the conditions of release. And notably, Miranda's residence in this community is lengthy. Finally, in response to the Government's concern about Miranda having the resources to flee the Country, there are several conditions that can be imposed to mitigate these concerns. As already ordered by Magistrate Judge Patti, Miranda will be confined to his home and required to turn over his passport and enhanced Michigan Driver's license.

With respect to the second statutory category, the Government has offered no indication that Miranda was on probation, parole, or any other form of release at the

---

[2] Miranda is on disability.

time of his current charged offense. Accordingly, this third factor will also weigh in favor of release.

**D. Nature and Seriousness of the Danger Posed by Defendant's Release**

The fourth and final factor demands that the Court consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. § 3142(g)(4).

Here, the Government relies primarily on the fact that drug trafficking is a dangerous crime to support its argument for detention. But importantly, the relevant inquiry for the Court is whether there are any conditions of release that can mitigate these concerns. The Court finds that the answer to this question is yes. Furthermore, the Court weighs strongly the recommendation from Pretrial Services, which concluded that there are conditions available that can reasonably assure Miranda's appearance and the safety of the community. Accordingly, the Government has not met its burden of establishing a need for pretrial detention.

**V. Conclusion**

For the reasons stated on the record, and articulated above, the Court will AFFIRM Magistrate Judge Patti's Pretrial Release Order.

IT IS SO ORDERED.

Dated: March 18, 2019

                                                s/Gershwin A. Drain
                                                HON. GERSHWIN A. DRAIN
                                                United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 18, 2019, by electronic and/or ordinary mail.

                                      s/Teresa McGovern
                                      Case Manager